# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | |
| **Synergy Law, LLC** | **Case No. 19-00555-SMT** |
| **Debtor.** | **Chapter 7** |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE

COMES NOW John P. Fitzgerald III, Acting United States Trustee for Region 4 (the "United States Trustee"), by and through his undersigned counsel, and respectfully requests that this honorable Court dismiss the above-captioned case pursuant to 11 U.S.C. §§ 707(a)(1) and (a)(3), showing in support thereof as follows.

## PRELIMINARY STATEMENT

Synergy Law, LLC ("Debtor"), before filing bankruptcy, purported to offer foreclosure defense and bankruptcy services to consumers across a number of jurisdictions. As of its chapter 7 filing on August 16, 2019 (the "Petition Date"), Debtor was the subject of at least six pending enforcement actions filed by United States Trustees around the country, and owed approximately $183,000 on judgments obtained by United States Trustees, related to Debtor's violations of the Bankruptcy Code[1] and victimization of consumers. More than three months after the Petition Date, Synergy has yet to file meaningful schedules (and the schedules it did file were admitted to be wildly inaccurate by both the Debtor's representative and counsel at the section 341 meeting of creditors and have been stricken by this Court) or otherwise demonstrate that this case was filed

---

[1] 11 U.S.C. §§ 101 *et seq.*

Office of United States Trustee
Joseph A. Guzinski, Asst. U.S. Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7176
joseph.a.guzinski@usdoj.gov

for any purpose other than to delay and frustrate the United States Trustees and Debtor's other creditors, who are understood to include a number of Debtor's individual customers or former customers. Dismissal is the only cure to prevent this case from languishing to the detriment of the parties in interest.

## JURISDICTION, VENUE, AND STANDING

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and (b)(1) and 28 U.S.C. § 1334. Venue in this Court is proper under 28 U.S.C. § 1409(a).

2. The United States Trustee has standing to bring this motion pursuant to section 307 of the Bankruptcy Code and the supervisory duties listed in 28 U.S.C. § 586(a)(3).

3. The statutory predicates for the relief sought herein are sections 707(a)(1) and (3) of the Bankruptcy Code.

## SUMMARY OF FACTS

4. Upon information and belief, Debtor is a District of Columbia limited liability corporation, with principal operations in the Commonwealth of Virginia. David Maresca, a non-attorney, is the CEO of Debtor and has a 90 percent membership interest in Debtor. Scott Marinelli, a suspended attorney, owns the remaining 10 percent interest in Debtor.

5. Debtor commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on August 16, 2019. Wendell E. Webster was appointed as the interim chapter 7 trustee, but resigned as trustee on August 27, 2019. Marc E. Albert ("Trustee") was appointed as interim trustee on August 30, 2019, and continues to serve as trustee.

6. Pursuant to Fed. R. Bankr. P. 1007(c), Debtor's schedules and Statement of Financial Affairs ("SOFA") were due to be filed no later than August 30, 2019. On August 25, 2019, Debtor filed a motion to extend the time to file the schedules and SOFA through September

12, 2019.  Doc No. 13.  The Court entered an order granting that motion on August 29, 2019.  Doc. No. 14.

7. Despite the extension, Debtor did not file schedules or a SOFA, and instead on September 9, 2019, filed a second motion for an extension through October 11, 2019.  Doc. No. 17.  The Court granted that motion on September 11, 2019.  Doc. No. 18.

8. Debtor filed Schedule E/F and an amended creditor matrix—both later disclosed to have been inaccurate—on October 11, 2019.  It did not file any other schedules until, on October 15, 2019, it untimely filed Schedules A/B, G, H, and a SOFA.

9. The meeting of creditors was conducted on October 18, 2019.  Debtor appeared, with its counsel, and Mr. Maresca testified as Debtor's representative.  Debtor's counsel indicated at the outset of the meeting that the schedules that had been filed were inaccurate and incomplete, and that not all creditors had received proper notice.  Debtor's counsel stated that corrected schedules and a corrected creditor matrix would be filed, and Trustee adjourned the meeting (after questioning) to November 22, 2019.

10. On October 28, 2019, the Court struck Debtor's Schedules A/B and E/F because Debtor never filed a summary of its assets and liabilities and accompanying declaration under penalty of perjury.  Doc. No. 45.

11. As of the filing of this Motion, Debtor has not made any amendments to "correct" its schedules, SOFA, and creditor matrix, has not replaced the stricken schedules, and has still not given notice of its bankruptcy filing to all of its creditors.

**ARGUMENT**

12. Dismissal is warranted by Debtor's dilatory behavior. More than three months after filing this case, Debtor has yet to comply with the Bankruptcy Code's most essential requirement—to make a full and honest disclosure of its assets, liabilities, and financial affairs.

13. "Cause" is ordinarily understood to mean "adequate or sufficient reason." *In re Piazza*, 719 F.3d 1253, 1261-62 (11th Cir. 2013). The enumerated examples in section 707(a) are illustrative. *Id.* at 1261. Sections 707(a)(3) and (4) are directly on point in this case, and independently provide cause—"adequate or sufficient reason"—to justify dismissal of this case.

14. *First*, section 707(a)(1) of the Code provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—(1) unreasonable delay by the debtor that is prejudicial to creditors." Debtor has provided no explanation for its delay; instead it sought two extension of its deadline to file schedules, which were graciously given and promptly ignored. Debtor did not even bother to request a third extension, and when it finally filed the balance of its schedules, they were stricken for being procedurally deficient. As a result, the section 341 meeting has still not been concluded, and the administration of the estate has been held up. Creditors have been prejudiced by Debtor's unreasonable delay; the judgments held by United States Trustees cannot be collected, enforcement actions filed by United States Trustees have been delayed, and other creditors, including individual consumer victims of Debtor's activities, have been stymied in their efforts to obtain redress. Some creditors still have not even received notice of the bankruptcy case.

15. *Second*, section 707(a)(3) of the Bankruptcy Code provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause, including . . . (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow . . . the information required by paragraph (1) of section 521(a), but only on a

motion by the United States trustee." These conditions have indisputably been satisfied. Section 521(a)(1) required Debtor to file a list of creditors, a schedule of assets and liabilities, and a SOFA. Of these, Debtor failed to file its schedules of assets and liabilities and SOFA within the (generous) time allotted by the Court. Moreover, the schedules and SOFA that were filed were, by Debtor's admission, inaccurate. More bluntly, they were replete with falsehoods contradicted by the Debtor's section 341 meeting testimony, including that Debtor had no revenue in the three years prior to filing, had no personal property whatsoever, and had made no recent payments to creditors or other reportable transfers. Based on Debtor's written disclosures, the United States Trustee, Trustee, and other parties in interest have no better idea of Synergy's financial condition as of now than they did as of the Petition Date.

16. This case presents heightened concerns supporting a finding of cause for dismissal. The United States Trustees' claims against Debtor—both pending and reduced to judgment—arise from consumer protection actions premised on serious violations of the Bankruptcy Code that have resulted in monetary and injunctive relief entered against Debtor. Mr. Maresca testified at the section 341 meeting that Debtor is or has been the subject of investigations by at least two state attorneys general. Mr. Maresca also testified, and Debtor's counsel made unsworn statements at the 341 meeting to the same effect, that Synergy's operations, including its assets, employees, and customers, have essentially been entirely transferred to a successor entity. Given Debtor's failure to prosecute this bankruptcy case, it is reasonable to conclude that the case was filed and remains pending for the purposes of delay and obfuscation, rather than to effect a speedy and organized liquidation of Debtor's assets and resolution of claims against the estate. It is telling that the only matter Debtor appears to be actively interested in pursuing in connection with this case is litigation

over Daimler's efforts to repossess the leased Mercedes automobile that Mr. Maresca testified he uses personally.

WHEREFORE the United States Trustee, having demonstrated good cause, respectfully requests that this Court dismiss the above-captioned case under 11 U.S.C. §§ 707(a)(1) and (3), and for such other relief as the court deems appropriate.

November 22, 2019                                   JOHN P. FITZGERALD, III
                                                                          ACTING U.S. TRUSTEE, REGION 4

                                                    By:   */s/ Joseph A. Guzinski*
                                                                 Joseph A. Guzinski
                                                                 Asst. United States Trustee
                                                                 Office of United States Trustee
                                                                 1725 Duke Street, Suite 650
                                                                 Alexandria, VA 22314
                                                                 (703) 557-*7274*

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 22, 2019, I electronically filed the foregoing Motion with the clerk of the court and, under Local Bankruptcy Rule 5005-3, served it on the parties listed below who are registered Users of the of the CM/ECF system, by the notice of electronic filing generated by the court's ECF system; and on the parties listed below by first class mail, postage prepaid.

Synergy Law, LLC
8801 Sudley Rd., Suite 4017
Manassas, VA 20110
*Debtor*

Jeffrey M. Sherman
Law Offices of Jeffrey M. Sherman
1600 N. Oak Street, Suite 1826
Arlington, VA 22209
Email:  jeffreymsherman@gmail.com and elmoyer99@gmail.com
*Counsel for Debtor*

Marc E. Albert
Stinson LLP
1775 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
Email: marc.albert@stinson.com,porsche.barnes@stinson.com;dc05@ecfcbis.com; mealbert@ecf.axosfs.com
*Chapter 7 Trustee*

                                By:  /s/ Paula Blades
                                Paula Blades
                                Paralegal