The document below is hereby signed.

Signed: May 4, 2020



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SYNERGY LAW, LLC, | ) | Case No. 19-00555 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
APPROVING JOINT MOTION FOR APPROVAL
OF SETTLEMENT AGREEMENT BETWEEN TRUSTEE AND DAIMLER TRUST

This addresses the *Joint Motion Pursuant to Federal Rule Of Bankruptcy Procedure 9019 to Approve Settlement Between Mercedes-Benz Financial Services USA, LLC and the Estate of Synergy Law LLC and for Dismissal of Motion for Contempt For Violation of Automatic Stay With Prejudice* filed by Marc Albert, Chapter 7 Trustee of the estate of Synergy Law, LLC ("Synergy"), and Daimler Trust ("*Joint Motion*").[1]  I will grant the *Joint Motion* for the following reasons.

---

[1] The reference in the title of the *Joint Motion* to Mercedes-Benz Financial Services USA, LLC appears to be an error: the motion for *Motion for Contempt for Violation of Automatic Stay* was filed against Daimler Trust, the body of the *Joint Motion* refers to Daimler Trust, and it is Daimler Trust as lessor that has obtained relief from the automatic stay to repossess the motor vehicle at issue.

I

The *Joint Motion* addresses a settlement of a claim – the right to sue Daimler Trust for violating the automatic stay – that is property of the estate. The claim relates to Synergy's lease of a motor vehicle from Daimler Trust as lessor, and Daimler Trust's repossession of the motor vehicle after the petition was filed commencing this case. Pursuant to 11 U.S.C. § 365(p)(1), the later rejection of the lease terminated the automatic stay of 11 U.S.C. § 362(a) with respect to the car lease and, accordingly, any violation of the automatic stay necessarily occurred during the period preceding rejection of the lease. Synergy filed a *Motion for Contempt for Violation of Automatic Stay* against Daimler Trust. The *Joint Motion* seeks approval of a settlement under which Daimler Trust will pay the estate the sum of $2,500.00 in exchange for a release of claims against Daimler Trust stemming from the alleged repossession and a dismissal with prejudice of the *Motion for Contempt for Violation of Automatic Stay*.

The car lease at issue, and the rights under that car lease (including the right to possess and use the car) were (as discussed later) property of the estate when the stay violation occurred. The car lease was later rejected and not assumed by the trustee. However, when the seizure occurred, the car lease was property of the estate, and if the seizure damaged any rights

2

under the lease, the seizure was a wrong against the estate. Under 11 U.S.C. § 541(a)(7), the claim to recover compensatory contempt damages for violation of the automatic stay is property of the estate. That claim for compensatory contempt damages has not been abandoned from the estate. It follows that the right to seek to recover compensatory contempt damages from Daimler Trust is property of the estate, not property of Synergy.

As noted in *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 793 (D.C. Cir. 2010), "the trustee is the representative of the estate and retains the sole authority to sue and be sued on its behalf. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004)." *See also In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008) ("If a claim belongs to the estate, then the bankruptcy trustee has exclusive standing to assert it."); *DiMaio Family Pizza & Luncheonette, Inc. v. Charter Oak Fire Ins. Co.*, 448 F.3d 460, 463 (1st Cir. 2006).

A debtor lacks standing to sue for a violation of the automatic stay occurring when the violation occurred with respect to property when it was property of the estate. *See Wells Fargo Bank, N.A. v. Jimenez*, 406 B.R. 935, 944-45 (D.N.M. 2008) (a debtor suffered no financial injury by reason of bank's "freezing" bank account when it was estate property and had not yet become exempted from the estate; right to sue for any violation of the automatic stay did not vest in the debtor upon

the bank account becoming exempt property); *In re Briggs*, 143 B.R. 438, 447-48 (Bankr. E.D. Mich. 1992) (a debtor had standing with respect to any stay violation regarding property occurring after it had become property of the debtor by way of exemption but not with respect to any stay violation occurring beforehand).

As noted in *Moses*, 606 F.3d at 794-95, the Supreme Court "has held that the plaintiff generally must assert his own legal rights and interest, and cannot rest his claim to relief on the legal rights or interest of third parties." (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)); *see also Powers v. Ohio*, 499 U.S. 400, 409 (1991). Here, the injury arising from the conduct of which Synergy complains was to the estate of which the trustee is the representative. Under *Moses* and other decisions, merely derivative harm does not suffice to confer standing on a debtor or creditors to sue on claims that belong to the estate. *See Eakin v. Goffe, Inc. (In re 110 Beaver St. P'ship)*, 355 Fed. App'x 432, 439 n.9, 2009 WL 4874783 (1st Cir. 2009) (in complaint asserting violations of the automatic stay, "the plaintiffs can allege no injury to themselves; they simply allege an injury to the partnership estate.").

The trustee decided not to act to assume the lease, and the lease was rejected by operation of 11 U.S.C. § 365(d)(1) because of the failure of the trustee to assume the lease within 60 days after the commencement of the case. That rejection of the lease

4

terminated the automatic stay as to the car lease by reason of 11 U.S.C. § 365(p)(1), and, accordingly, no violation of the automatic stay arose after the lease was rejected. The violation of the automatic stay occurred with respect to the car lease during the period it was property of the estate.

II

Rights in the car lease may have reverted to Synergy upon the lease being rejected, with Synergy free to exercise whatever rights remain under the lease. As observed in *Moses*, 606 F.3d at 791, "[o]nce the trustee abandoned the estate's claims, [the debtor] was free to seek redress as if no bankruptcy petition had been filed." Here, even if the car lease reverted to Synergy, the claim for contempt damages did not revert to Synergy. The trustee has not taken steps to abandon that claim, and it has not been abandoned.

Because the claim for contempt damages was not abandoned to Synergy, it lacks standing to sue for the violation of the automatic stay. *See In re Cook*, 520 F. App'x 697 (10th Cir. 2013) (Chapter 7 trustee did not abandon claims for stay violations to the debtor and, accordingly, the debtor lacked standing to pursue such claims).

Synergy's right under *Moses*, upon rejection of the lease, to seek any redress under the lease as if a bankruptcy petition *had not been filed* does not include the estate's right to sue for a

5

violation of the automatic stay, a statutory provision that arose under 11 U.S.C. § 362(a) because the bankruptcy petition *had been filed*. The contempt damages remedy is a right that arose when the lease was property of the estate and is a right that the trustee, as representative of the estate, is the entity with standing to pursue. Assume that a bankruptcy estate suffers significant financial damage by reason of a stay violation relating to a lease (for example, assume that a landlord locks out a trustee or rips out fixtures and prevents the trustee from operating a profitable business, thereby damaging the estate): the claim for contempt damages belongs to the estate, and it ought not be treated as becoming vested in the debtor by reason of the lease rights reverting to the debtor. Nunc pro tunc reversion arising upon abandonment "is a fiction, and a fiction is but a convenient device, invented by courts to aid them in achieving a just result. It is not a categorical imperative, to be blindly followed to a result that is unjust." *Wallace v. Lawrence Warehouse Co.*, 338 F.2d 392, 395, n.1 (9th Cir. 1964). The trustee is entitled to collect, for the benefit of the unsecured creditors of the estate, damages suffered by the estate attributable to a violation of the automatic stay occurring during the period the lease was property of the estate. Despite nunc pro tunc reversion of the lease to Synergy, the claim for damages arising from the violation of the automatic stay

occurring when the car lease was property of the estate remains property of the estate and thus a claim the debtor lacks standing to pursue.

### III

Synergy filed a *Response* to the *Joint Motion* on April 20, 2020, noting its position that the deadline for opposing the *Joint Motion* was April 22, 2020, but did not set forth any basis for opposing the *Joint Motion*, and indicated that it would file an opposition by April 22, 2020, and would want to put on evidence at any hearing on the *Joint Motion*.

On April 23, 2020, Synergy filed an untimely *Supplemental Response* to the *Joint Motion*. Synergy failed to seek leave to file the *Supplemental Response* out of time. Accordingly, Synergy's arguments must be rejected as untimely. In any event, if Synergy had been granted leave to file the *Supplemental Response* out of time, I would readily reject its arguments.

#### A.

The *Supplemental Response* argues that any injury to the rights under the car lease were not an injury to property of the estate based on the erroneous view that the result of rejection of a lease is that it never constituted property of the estate. Specifically, Synergy argues:

> As a matter of law, the failure of the Trustee to assume the Lease means that the Lease never constituted property of the estate. As noted in *In re Taylor*, 198 B.R. 142, 159 (Bankr. D.S.C. 1996): "Leases do not vest in trustee

7

>    as of the date of the filing of the bankruptcy petition, but vest only upon the trustee's timely and affirmative act of assumption….", citing *In re Tonry*, 724 F.2d 467, 469 (5th Cir. 1984) ("Until the trustee assumes an executory contract, it does not become part of the bankruptcy estate…."); *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1352 (9th Cir. 1983); *In re Northern Indiana Oil Co., Inc.*, 180 F.2d 669, 676 (7th Cir.), cert. den., 340 U.S. 824, 71 S.Ct. 58, 95 L.Ed. 605 (1950); *In re Qintex Entertainment, Inc.*, 950 F.2d 1492 (9th Cir. 1991); *Turner v. Avery*, 947 F.2d 772 (5th Cir. 1991). Clearly, the Lease never became property of the bankruptcy estate.

*Supplemental Response* at 6-7.

Even if Synergy's argument would have been true in a case under the Bankruptcy Act like *Cochise College Park* or *Northern Indiana Oil Co.*, that is not the case under the Bankruptcy Code. An executory contract or unexpired lease is, under the Bankruptcy Code, property of the estate upon the commencement of a case and prior to its assumption or rejection. Such an asset becomes property of the estate and acts against such property, unless and until the asset is rejected, violate the automatic stay of 11 U.S.C. § 362(a). *See Computer Commc'ns, Inc. v. Codex Corp. (In re Computer Commc'ns)*, 824 F.2d 725, 729-30 (9th Cir. 1987)*; Minoco Group of Cos., Ltd. v. First State Underwriters Agency (In re Minoco Group of Cos., Ltd.)*, 799 F.2d 517 (9th Cir. 1986); *In re Mirant Corp.*, 440 F.3d 238, 251-52 (5th Cir. 2006) (agreeing

with *Computer Commc'ns, Inc.*).[2]

The Bankruptcy Code decisions cited by Synergy either rely on the Bankruptcy Act view of the issue that no longer applies or do not stand for the proposition that the automatic stay does not apply to an executory contract or unexpired lease prior to its rejection.  First, *In re Taylor* addressed whether a lessor could sell a lease without having assumed the lease, and did not address any automatic stay issue.

Second, *In re Tonry* and the decision which followed it as precedent, *Turner v. Avery,* each addressed a personal services contract that was not assumable by reason of 11 U.S.C. § 365(c) and reasoned on that basis that the contract did not become property of the estate.  *In re Tonry* and *Turner v. Avery* cannot be read as treating all unexpired leases and executory contracts as not property of the estate prior to their assumption or rejection and, in any event, have been implicitly overruled by *In*

---

[2] *See also In re Phillips*, No. C09-1399Z, 2010 WL 3041968, at *3 (W.D. Wash. July 30, 2010) ("Because a Chapter 7 trustee has 60 days to decide whether to accept or reject executory contracts, 11 U.S.C. § 365(d) (1), the conclusion follows that, for the automatic stay provisions of the Code to have meaning with respect to such matters, the executory contracts must be 'property of the estate' before the trustee elects to accept or reject them."), *aff'd*, 460 F. App'x 636 (9th Cir. 2011); *In re Drexel Burnham Lambert Grp., Inc.*, 138 B.R. 687, 700-703 (Bankr. S.D.N.Y. 1992); *In re THW Enterprises, Inc.*, 89 B.R. 351, 354 (Bankr. S.D.N.Y. 1988) ("the better rationale was that espoused by the Supreme Court in *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), that is, that an executory contract is property of the estate but is unenforceable against the estate unless and until assumed.").

*re Mirant Corp.*, 440 F.3d at 251-52.[3]  In any event, here, the car lease *was* assumable, and the car lease remained property of the estate until it was rejected.

Finally, *Qintex Entertainment* held that an executory contract that had not been assumed could not be sold unless first assumed, which is a requirement under 11 U.S.C. § 365(f)(2)(A) (providing that a trustee may assign an executory contract or unexpired lease "only if . . . the trustee assumes such contract or lease").  It does not stand for the proposition that an unexpired lease is not property of the estate prior to its assumption or rejection.

### B.

The *Supplemental Response,* at 7, next argues that in seizing the car Daimler Trust sought to collect a prepetition claim, Daimler Trust violated 11 U.S.C. § 362(a)(6), and that a debtor has standing to seek sanctions for violation of that provision, citing *Advanced Ribbons Office Prods., Inc. v. U.S. Interstate Distrib., Inc. (In re Advanced Ribbons Office Prods., Inc.)*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991); *In re Matter of James Wilson Assocs.*, 965 F.2d 160, 168 (7th Cir. 1992); and *In re Radcliffe*, 390 B.R. 881, 888 (N.D. Ind. 2008).  However, these

---

[3] As was noted by the bankruptcy court, *In re Mirant Corp.*, 303 B.R. 319, 328 (Bankr. N.D. Tex. 2003), *Tonry,* in observing that an executory contract becomes property of the estate only upon the trustee's assumption of the executory contract, relied on an early, now out-dated version of *Collier on Bankruptcy*.

three decisions are distinguishable.

*Advanced Ribbons* and *James Wilson Associates* were Chapter 11 cases in which the debtor, as a debtor in possession, was vested by 11 U.S.C. § 1107(a) with the rights of a trustee.  They shed no light on whether, in a Chapter 7 case like this one, a debtor (instead of the trustee) has standing to pursue contempt for a violation of 11 U.S.C. § 362(a)(6) that harmed the estate's interest in an unexpired lease that was property of the estate at the time of the stay violation.

As the *Supplemental Response*, at 8, acknowledges, the debtor in *Radcliffe* "had standing to bring an action for a violation of the automatic stay where the property at issue (pension funds) were not property of the estate but were in fact property of the debtor."  Here, the property at issue *was* property of the estate at the time the automatic stay was violated, and as already discussed, it is only the trustee who has standing to sue for a violation of the automatic stay harming property of the estate.

C.

The *Supplemental Response*, at 8, argues:

> The Trustee and Daimler Trust are free to settle their differences through a compromise of controversy under Rule 9019; however, they may not usurp and eviscerate the claims and causes of action that inure to the benefit of the Debtor with respect to property not of the estate. In the present case, there is a separate cause of action belonging exclusively to the Debtor for Daimler Trust's violation of the automatic stay by repossessing the Vehicle before the estate had assumed the Lease. The Joint Motion may be approved to the extent that it

11

      excludes a compromise of those claims belonging exclusively to the Debtor.

However, as already demonstrated, any damage arising from the repossession of the car occurred during the period the car lease was property of the estate. Only the trustee has standing to sue regarding such damages. The lease may have reverted to Synergy, but that reversion of the lease to Synergy does not include the right to seek damages that arose from a repossession made during the period that the car lease was property of the estate.

D.

Synergy does not challenge the trustee's settlement of claims that belong to the estate, only the dismissal of Synergy's claims. However, Synergy had no standing to pursue claims arising from the repossession of the motor vehicle in violation of the automatic stay. Synergy raises only an issue of law and does not challenge the *Joint Motion*'s representations regarding why the settlement is in the best interest of the estate. There is no need for an evidentiary hearing to dispose of the *Joint Motion*.

IV

For all of these reasons, it is

ORDERED that the *Joint Motion* (Dkt. No. 122) is GRANTED. It is further

ORDERED that the settlement of the *Motion for Contempt for Violation of Automatic Stay* (Dkt. No. 34) filed by the debtor,

Synergy Law, LLC, through payment of the sum of $2,500.00 by Daimler Trust to Marc Albert, Chapter 7 Trustee of the estate of Synergy Law, LLC, is hereby approved; and it is further

ORDERED that pursuant to the settlement:

(1) the *Motion for Contempt for Violation of Automatic Stay* (Dkt. No. 34) is hereby dismissed with prejudice; and

(2) the release by the Estate of any claims against Daimler Trust for its post petition repossession of the debtor's 2018 Mercedes-Benz S-560V4 be, and it hereby is, approved,

but the foregoing dismissal and release will, upon motion of Marc Albert, Trustee of the estate of Synergy Law, LLC, be set aside if Daimler Trust fails to make payment of the aforesaid settlement amount to Marc Albert, Chapter 7 Trustee of the estate of Synergy Law, LLC.

[Signed and dated above.]

Copies to: E-recipients.