The document below is hereby signed.

Signed: June 11, 2020



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SYNERGY LAW, LLC, | ) | Case No. 19-00555 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE TRUSTEE'S
MOTION FOR AN ORDER TO SHOW CAUSE REGARDING CONTEMPT

The Chapter 7 trustee has filed a *Motion for Order to Show Cause Why the Debtor Should Not Be Held in Contempt for Failure to Comply with Order for 2004 Examination of the Debtor* (Dkt. No. 164) contending that the debtor and its representatives have failed to comply with this court's prior order (Dkt. No. 162) to provide specified documents pursuant to Fed. R. Bankr. P. 2004. The *Motion* needs to be revised and re-filed with notice under LBR 9013-1(b)(3) of the opportunity to oppose the *Motion*.

The *Motion* asks the court to order the debtor and its representatives to appear at a hearing and show cause why the debtor ought not be held in contempt, but it seeks compensatory civil contempt sanctions against both the debtor and its two representatives. The motion fails to specify that coercive

contempt sanctions are sought. Any revised motion ought to make clear that the motion seeks to have the court hold both the debtor and its two representatives in civil contempt, and that both compensatory and coercive civil contempt sanctions are sought. The *Motion* further asks the court to set a hearing on the motion and to compel the debtor's representatives to attend.

Fed. R. Bankr. P. 9020 provides that a motion for an order of contempt is governed by Rule 9014, commencing a contested matter. The motion ought not be cast as a motion for an order to show cause, an outdated cumbersome procedure that no longer applies.

Local Bankruptcy Rule 9013-1(b)(3) contains the notice requirements that apply to a motion commencing a contested matter. LBR 9013-1(b)(3)(C) provides: "Impermissible Content of Notice. Unless otherwise ordered by the Court, a notice may not compel an opposing party to attend a Court hearing in support of the opposition." If an entity opposes the revised motion, it ought to appear at the hearing so that the court can determine what is an appropriate coercive contempt sanction if the entity is held in civil contempt, and the LBR 9013-1(b)(3)(C) notice may direct that any entity opposing the revised motion must appear at the hearing on the revised motion. In addition, any order holding an entity in civil contempt can specify that the entity shall appear at a further hearing to show that it has purged

itself of civil contempt if the trustee does not indicate that the entity has purged itself of civil contempt.

If an entity against whom the motion is directed does not oppose the motion, the court will deem that entity to have consented to the court's holding the entity in civil contempt and as consenting to the imposition of coercive contempt sanctions and compensatory contempt sanctions as requested by the motion against the entity.  The motion may request that coercive and compensatory civil contempt sanctions be set at an initial hearing to be held on the motion, whether opposed or unopposed. However, if the revised motion specifies the initial coercive and compensatory contempt sanctions sought, that might avoid the necessity of an initial hearing if the revised motion is not opposed:

- The revised motion could request an initial coercive contempt sanction in the form of a daily fine, to be increased if the initial coercive contempt sanction does not result in compliance, with the court retaining authority to impose incarceration as a coercive contempt sanction should a daily fine fail to coerce compliance, and with a further hearing to be held on a future date if the trustee fails to indicate that the entities in civil contempt have purged themselves of civil contempt.

- The motion may request an initial fixed dollar amount of compensatory contempt sanctions (or request a specific procedure for fixing such compensatory contempt sanctions), with further compensatory contempt sanctions to be imposed if the trustee suffers further damage as a result of any continuance of the contempt, and may request a procedure (detailed in the proposed order accompanying the revised motion) for fixing any such further civil contempt sanctions.

By potentially avoiding the necessity for an initial hearing, the trustee might mitigate the damages he suffers.

In order to expedite compliance with the court's previous order for the production of documents, the court finds cause exists under LBR 9006-1(d) to provide that the Chapter 7 trustee shall shorten the notice's deadline under LBR 9013-1(b)(4) to a date that is 10 days after filing of the notice and the revised motion and at least 5 days prior to the hearing on the motion.

Finally, as the motion would require the debtor's representatives to show cause why they ought not be held in contempt, the court will require the Chapter 7 trustee to serve the revised motion and the notice, in accordance with Fed. R. Bankr. P. 7004 upon those representatives under LBR 9013-1(c)(2), as well as upon the other parties specified by LBR 9013-1(c)(2).

It is

ORDERED that the *Motion for Order to Show Cause Why the Debtor Should Not Be Held in Contempt* (Dkt. No. 164) is denied with leave to file a revised motion for an order of civil contempt. If the trustee files a revised motion, the trustee shall contact the Clerk to determine the earliest practical date and time for a hearing (to be a telephonic or video hearing in light of the ongoing pandemic) that will afford the respondents 10 days after filing of the LBR 9013-1(b)(3) notice to file an opposition no less than 5 days prior to the hearing. It is further

ORDERED that the Chapter 7 trustee shall file and serve a notice of any revised motion pursuant to LBR 9013-1(b)(3). The notice may direct the entities opposing the revised motion to attend the hearing notwithstanding LBR 9013-1(b)(3)(C). The Chapter 7 trustee shall serve the notice upon the debtor's named representatives and to their counsel, if any, in addition to the debtor, the debtor's attorney, and other parties otherwise specified by LBR 9013-1(c)(2). It is further

ORDERED that time for respondents to file an opposition to any revised motion is shortened to 10 days after filing of the LBR 9013-1(b)(3) notice.

[Signed and dated above.]

Copies to: E-recipients of orders.